**In re Candie J. NELSON, Debtor.**

**Charles E. Sims, Trustee, Plaintiff,**

v.

**Cecelia Nelson, Defendant.**

**Bankruptcy No. 02–12379.**
**Adversary No. 03–1060.**

United States Bankruptcy Court,
N.D. California.

Oct. 5, 2003.

---

John W. Findley, Walnut Creek, CA, for Debtor.

Michael C. Fallon, Santa Rosa, CA, for Petitioning Creditor.

John H. MacConaghy, Sonoma, CA, for Trustee.

## Memorandum on Motion for Summary Judgment

ALAN JAROSLOVSKY, Bankruptcy Judge.

### I. Background, Facts and Issues

Defendant Cecelia Nelson is the mother of debtor Candie J. Nelson. In this adversary proceeding, Chapter 7 trustee Charles Sims seeks to avoid three transfers of real property made by Candy Nelson to her mother within the year before involuntary Chapter 7 proceedings were commenced.

The complaint in this matter alleges that the transfers are fraudulent, based on the fact that the deeds recite that they were for no consideration. Cecelia Nelson has filed a declaration alleging that the transfers were for consideration. The trustee has responded by seeking to avoid the transfers as preferences. His motion for summary judgment is now before the court. The Trustee argues that he has proved all of the elements of a preference. Cecelia Nelson argues that he has not shown insolvency of her daughter at the time of the transfer or that she received more than her dividend would have been if the transfers had not been made.

## II. Solvency

■ The trustee argues that he has demonstrated a prima facie case for insolvency by introducing Candy Nelson's schedules in this case and in a prior Chapter 13 case she filed in late 1999. These schedules straddle the transfers, contain substantially the same debts and assets, and show that at both times Candy Nelson was insolvent.

Although Candy and Cecelia make several arguments to the effect that the debts schedules are not true debts of Candy, they have introduced not one word of evidence to create a triable issue of fact as to Candy's insolvency. If the party moving for summary judgment meets its initial burden of identifying for the court those portions of the materials on file that it believes demonstrate the absence of any genuine issues of material fact, the burden of production then shifts so that "the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" *T.W. Elec. Service, Inc. v. Pacific Elec., Contractors Ass'n,* 809 F.2d 626, 630 (9th Cir.1987) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

The trustee has established insolvency from Candy's own sworn statements. The burden then shifted to defendants to file a declaration or produce some evidence of solvency. Having failed to do so, the Trustee is entitled to summary judgment.

■ Moreover, an admission of insolvency came from defendants' own attorney. Wrongly believing that his client had a defense under § 547(a)(5) of the Bankruptcy Code (discussion below), counsel admitted: "If you address just the debt to Cecelia Nelson and nothing else, she's insolvent." This admission that Cecelia's claim alone made Candie insolvent is sufficient to warrant summary judgment.

■ Lastly, Cecelia Nelson argues that the claims filed in the case do not establish insolvency. The Trustee correctly responds that the proper test is a balance sheet test as of the date of transfer (2 Collier on Bankruptcy ¶ 101.32[4] (15th ed.1996)) and that Cecelia cannot thwart a finding of insolvency by merely withholding her own claim which, as she admit above, would establish insolvency by itself.

## III. § 547(b)(5)

■ Section 547(b)(5) of the Code provides that the trustee may avoid transfers:

■ that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

Cecelia argues in essence that she was owed more than the value of the transferred property so she got less than her Chapter 7 dividend by the transfers. However, she misconstrues the law. As the court held in *In re Lewis W. Shurtleff, Inc.,* 778 F.2d 1416, 1421 (9th Cir.1985):

[I]n determining the amount that the transfer "enables [the] creditor to receive," 11 U.S.C. § 547(b)(5) (1982), such creditor must be charged with the value of what was transferred plus any additional amount that he would be entitled to receive from a Chapter 7 liquidation. The net result is that, as long as the distribution in bankruptcy is less than one-hundred percent, any payment "on account" to an unsecured creditor during the preference period will enable that creditor to receive more than he

would have received in liquidation had the payment not been made.

Since the Trustee has established that unsecured creditors will not receive a 100% dividend in this case, the requirement of § 547(b)(5) has been met.

IV. Conclusion

The Trustee has established all of the elements of a preference as set forth in § 547(b) of the Bankruptcy Code. Defendants have not produced any evidence creating a triable issue of fact as to insolvency, and have expressly admitted insolvency. Their reliance on § 547(b)(5) is misplaced. Accordingly, the Trustee's motion for summary judgment will be granted. Counsel for the Trustee shall submit an appropriate form of order granting his motion and an appropriate form of judgment.